United States District Court
District of South Carolina

| | |
|---|---|
| Emanuel Williams; and Kathy Williams: ) | C/A No. 3:05-1562-CMC-BM |
| ) | |
| Plaintiff; ) | |
| ) | |
| vs. ) | **Report and Recommendation** |
| ) | |
| Intermark Management d/b/a Mallard Pointe; Amber Miles, ) | |
| Individually; Michael R. Davis, Individually; and Richland ) | |
| County Lykesland Magistrate; ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Plaintiffs, Emanuel and Kathy Williams, proceeding *pro se*, seek relief under Title 42 United States Code § 1983. This matter has been referred to the undersigned for review pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(b) and (e), D.S.C.

In their Complaint, Plaintiffs describe an action currently pending before the Lykesland Magistrate Court in Richland County, South Carolina, in which Defendant Mallard Pointe is seeking monetary damages. It appears that Mallard Pointe is an apartment complex and that Plaintiffs are or were residents under a landlord-tenant agreement. The nature of the dispute is not clear. Plaintiffs contend that Mallard Pointe has breached its agreement. Richland County Magistrate Michael R. Davis, Court employee Amber Miles, and the Lykesland Magistrate Court are also sued, evidently for exercising jurisdiction over this matter and denying them a jury trial. Plaintiffs claim that they have suffered stress and strain.

As Plaintiffs are *pro se* litigants, their pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v.



1

Leeke, 574 F. 2d 1147 (4th 1978).   Even under this less stringent standard, however, this *pro se* Complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

First, the doctrines of judicial immunity and quasi-judicial immunity preclude any claim in this Court against a South Carolina magistrate judge, court employees, or a magistrate court by reason of actions taken within the jurisdiction of such courts.  *See* Mireles v. Waco, 502 U.S. 9 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985); Dobronski v. Arizona, No. 04-15657, 2005 WL 825600 (9th Cir. Mar. 23, 2005). Judicial immunity is a threshold question which requires summary dismissal.  Siegert v. Gilley, 500 U.S. 226 (1991); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).  Hence, Defendants Davis, Miles, and the Lykesland Magistrate Court are entitled to dismissal as party Defendants.

As for the remaining Defendant(s), in order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52 (1999).  The remaining Defendant(s) are private business persons or organizations evidently engaged in managing an apartment complex.  The conduct of private individuals or corporations must take place as "state action" or under "color of state law" to be actionable pursuant to 42 U.S.C. § 1983. As



such, a private individual or corporation must be a willful participant in joint action with the State or with an agent of the State. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980). Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or the Fourteenth Amendment. See Lugar v. Edmondson Oil Co., supra, 457 U.S. at 936; and Burton v. Wilmington Parking Authority, 365 U.S. 715, 721 (1961).[1]

      Whether private conduct rises to the level of state action necessarily depends on the relationship between the activity and the governmental entity. The inquiry is: "whether there is a sufficiently close nexus between the State and the challenged action. . . so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974). In Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), the Supreme Court held that a state is responsible for private action only when it has exercised "coercive power" or has provided "significant encouragement" in the implementation of the action. "Mere approval of or acquiescence in the initiatives of a private party is not sufficient to justify holding the State responsible for those initiatives under the terms of the Fourteenth Amendment." 457 U.S. at 1004-1005. Here, Plaintiffs fail to offer any suggestion that the remaining Defendants were acting under color of state law, as merely filing a legal action or suing a party in a state court does not constitute state action for purposes of a § 1983 claim. Cf. Burke v. Miller, 580 F.2d 108, 109-110 & n. 3 (4th Cir. 1978) [A witness in a state court proceeding does not act under color of state law, and therefore cannot be sued under § 1983],

---

[1] – Burton involved the Equal Protection Clause of the Fourteenth Amendment, not 42 U.S.C. § 1983. However, federal courts have uniformly held that conduct which constitutes state action under the Fourteenth Amendment also constitutes action under color of state law, insofar as suits under 42 U.S.C. §1983 are concerned. West v. Atkins, 487 U.S. 42, 48-49 (1988)(collecting cases)



cert. denied, 440 U.S. 930 (1979); Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

Finally, the fact that the remaining Defendants have brought an action against Plaintiffs in the state courts of South Carolina requires abstention by this Court from any exercise of jurisdiction over this matter. A bedrock element of federal-state comity is the so-called Rooker-Feldman doctrine, which prevents this Court from assuming jurisdiction over ongoing state litigation or reviewing any decision made or soon to be made therein.[2]

## CONCLUSION

Based on the foregoing, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. Plaintiffs' attention is directed to the important notice on the next page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

June __9__, 2005
Columbia, South Carolina

---

[2] - This doctrine derives from two U.S. Supreme Court cases, Rooker v. Fidelity Trust Co, 263 U.S. 413, 66 L. Ed. 362, 44 S. Ct. 149 (1923) and D.C. Court of Appeals v. Feldman, 460 U.S. 462, 75 L. Ed. 2d 206, 103 S. Ct. 1303 (1983). See Allstate Insurance Company v. West Virginia State Bar, 233 F. 3d 813 (4th Cir. 2000) for recent application of the doctrine in the Fourth Circuit.

4

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**